**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LESLIE WASHINGTON,<br><br>                    Plaintiff,<br><br>          v.<br><br>ALYCIA LEWIS and CORRECTIONAL<br>OFFICER SANTIAGO,<br><br>                    Defendants. | Civil Action No. 26-138 (JXN)(MAH)<br><br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Leslie Washington's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF Nos. 1-2, 1-3). Based on his affidavit of indigence (ECF No. 1-2), the Court **grants** him leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

The Court must now review Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

The Court construes the Complaint as raising an Eighth Amendment excessive force claim, asserting that while Plaintiff was returning to his room, Defendant Corrections Officer Santiago ("Santiago") instructed Plaintiff to "get down." (Compl. ¶ 29.) Due to a knee injury, Plaintiff struggled to get down, so Santiago "pull[ed] his [pepper] spray and sprayed [Plaintiff] calling code 33." (*Id.* ¶ 30.) Santiago allegedly pushed Plaintiff down and "punched" him. (*Id.*) The Court has

screened the Complaint in this action for dismissal and has determined that Plaintiff's excessive force claim against Santiago shall proceed.

However, the Complaint fails to state a supervisory liability claim against Defendant Alycia Lewis ("Lewis"). According to the Complaint, heat, humidity, and a lack of proper ventilation at Bayside have created conditions that violate Plaintiff's Eighth Amendment rights. (*Id.* ¶ 7.) Plaintiff claims that, although the cells at Bayside have windows, they have a limited number of exhaust fans. (*Id.* ¶ 8.) Plaintiff submits that many exhaust fans are dirty and missing necessary components. (*Id.* ¶¶ 8–9.) Additionally, some of the windows are broken and do not open. (*Id.* ¶ 10.)

The showers adjoin the housing units and are "typically set to hot." (*Id.* ¶ 8.) When inmates want to take cold showers in the summer months, they "turn on all of the showers at once to deplete the system of hot water." (*Id.*) Because many of the bathroom exhaust fans are broken, however, the humidity from the showers enters the inmates' cells. (*Id.*) Plaintiff alleges that the air "is contaminated with smoke, mold spores, and aerosolized sewage." (*Id.* ¶ 10.) Bayside does not have air conditioning, exposing inmates to excessive heat. (*Id.*)

Plaintiff further alleges that Bayside "has a wild geese problem in which there [are] feces all over [the] prison court yards." (*Id.* ¶ 21.) The geese feces are "regularly power washed," creating "a film like dust through-out the prison." (*Id.*) Inmates are prohibited from leaving their shoes outside of their cells, meaning they track goose feces into their cells. (*Id.* ¶¶ 22–23.) According to Plaintiff, this may cause potential viral infections. (*Id.* ¶¶ 24–25.)

Plaintiff seeks monetary and injunctive relief. (*Id.* at 7.)

2

The Court construes the Complaint as raising a supervisory liability claim against Lewis as the Administrator of Bayside based on Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (*See generally id.*)

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. N.J. Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). The Complaint is devoid of any factual allegations against Lewis. Plaintiff fails to allege facts that show that the alleged conditions at Bayside were the result of a policy or procedure. Plaintiff also fails to allege facts that would show Lewis personally participated in Plaintiff's conditions of confinement, directed prison staff's actions, or had contemporaneous knowledge of the facts alleged. While Plaintiff alleges that he complained through the remedy system (*see* Compl. ¶ 5), that type of allegation—i.e., a claim that grievances were sent to a warden or other administrator—is generally insufficient to establish supervisory liability, absent a plausible allegation that the supervisor had contemporaneous knowledge of the incident and either directed or acquiesced in it. *See, e.g.*, *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Butler v. Penchishen*, No. 22-3252, 2022 WL 4473590, at *4 (E.D. Pa. Sept. 26, 2022) ("To the extent Butler is attempting to connect any of the individual Defendants to these events based on his allegation that he either filed grievances or wrote them letters, such allegations are unclear and, in any event,

would not establish the requisite personal involvement to establish liability."). In short, Plaintiff does not allege sufficient facts to allow this claim to proceed and his Complaint against Lewis is dismissed without prejudice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will **dismiss** Plaintiff's § 1983 claims against Lewis without prejudice.

Accordingly,

**IT IS** on this 4th day of March 2026,

**ORDERED** Plaintiff's IFP application (ECF Nos. 1-2, 1-3) is **GRANTED**; and it is further

**ORDERED** that the Complaint (ECF No. 1) shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Bayside State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.,* Plaintiff would be subject to a 40%

deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that Plaintiff's excessive force claim against Defendant Correctional Officer Santiago shall **PROCEED**; it is further

**ORDERED** that Plaintiff's supervisory liability claims against Defendant Alycia Lewis are **DISMISSED** *without prejudice*; it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, Pursuant to the Memorandum of Understanding[1] between the Court and the New Jersey Department of Corrections, the Court shall forward a copy of the Complaint (ECF No. 1) to the New Jersey Department of Corrections and seek a waiver of service for Defendants; a separate order detailing this process will follow; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

---

[1] The Memorandum of Understanding between all vicinages of the United States District Court for the District of New Jersey and the New Jersey Department of Corrections governs the process for obtaining waiver of service, where possible, for the Departments' current and former employees.

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

JULIEN XAVIER NEALS
United States District Judge